UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Jane Doe,**

                        **Petitioner,**

                        **-v-**                              **5:13-CV-716**

**United States of America,**

                        **Respondent.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Jane Doe
Petitioner, *pro se*

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## **MEMORANDUM-DECISION AND ORDER**

The background of this case is set forth in prior decisions herein (Dkt. Nos. 1, 3) and is not repeated here. On October 21, 2013, this Court issued a Memorandum-Decision and Order (Dkt. No. 3) holding that "the case must be dismissed under Fed. R. Civ. P. 4(m) and 41(b) for failure to serve respondent, for failure to comply with the July 2, 2013 order, and for failure to prosecute, unless petitioner provides the Court with her address, serves the papers on respondent, and files an affidavit of service, on or before November 22, 2013." In bold, underlined font, the Court ordered that, if petitioner wished to proceed with this matter, she must serve her papers on respondent United States of America; file the affidavit of service with the Court; and furnish her address to the Court and respondent.[1] In bold, underlined, upper-case font, the Court added the following

---

[1] The Court stated that it would will seal the address. The Court also noted: "Due to petitioner's strong desire for anonymity as expressed in her papers and in person at the Clerk's Office, the Court has

warning: "Petitioner is hereby notified that the case will be dismissed without prejudice unless petitioner complies with the preceding two ordering paragraphs on or before November 22, 2013." Finally, the Court directed the Clerk's Office to maintain the October 21, 2013 Memorandum-Decision and Order along with the July 2, 2013 Order, "to be delivered to petitioner should she return to the counter to retrieve information regarding her case."

Despite the passage of an additional 25 days after the November 22, 2013 deadline, petitioner has not complied with the Court's direction. An inquiry to the Clerk's Office establishes that she has not returned to the counter to retrieve information regarding her case. As explained in the October 21, 2013 Memorandum-Decision and Order, after considering the relevant factors, the Court finds no reasonable alternative to dismissal without prejudice. *See generally United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). It is therefore

ORDERED that the petition is dismissed without prejudice; and it is further

ORDERED that the Clerk's Office is directed to maintain this Memorandum-Decision and Order along with the July 2, 2013 Order and the October 21, 2013 Order, to be delivered to petitioner should she return to the counter to retrieve information regarding her case.

IT IS SO ORDERED.

December 18, 2013
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

---

decided to respect her wishes and forego any attempt to locate her through the internet or by other means."